IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| AMY D. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:08-CV-079 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. For the reasons provided herein, defendant's motion for summary judgment [doc. 16] will be denied, and plaintiff's motion for summary judgment [doc. 12] will be granted to the extent it seeks remand under sentence four of § 405(g).[1]

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I.

*Procedural History*

Plaintiff applied for benefits in July 2006, claiming to be disabled by fibromyalgia, migraines, irritable bowel syndrome, and incontinence. [Tr. 52, 72, 257].[2] Plaintiff alleges a disability onset date of November 22, 2005. [Tr. 52, 257]. The present applications were denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on July 30, 2007.

On August 17, 2007, the ALJ issued a decision denying benefits. He concluded that plaintiff suffers from the severe impairments of depression, migraines, and fibromyalgia, but that those conditions are not equal, individually or in combination, to any impairment listed by the Commissioner. [Tr. 19, 21]. The ALJ further concluded that plaintiff retains the residual functional capacity ("RFC") "to perform a full range of medium work with the non-exertional limitations as set forth by Dr. Lawhon in Exhibit 5F." [Tr. 21].[3] Relying on vocational expert testimony, the ALJ found that plaintiff can return to her past relevant work or, in the alternative, that a significant number of jobs exist in the state and national economies that plaintiff can perform. [Tr. 23].

---

[2] Plaintiff previously applied for disability insurance benefits in February 2005. [Tr. 46]. That claim was denied in September 2005 and apparently was not appealed. [Tr. 27-29].

[3] Dr. Steven Lawhon performed a consultative psychological examination in August 2005. [Tr. 164-67]. The date of the evaluation indicates that it was conducted in association with plaintiff's prior applications for benefits.

2

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council, notwithstanding the submission of additional evidence. [Tr. 5, 8].[4] The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481. Through her timely complaint, plaintiff has properly brought her case before this court for review. *See* 42 U.S.C. § 405(g).

II.

*Background*

Plaintiff was born in 1970. [Tr. 52]. Her past relevant employment is as a nursing assistant and medical secretary. [Tr. 73, 90]. Plaintiff alleges daily extreme pain which sometimes restricts her to bed. [Tr. 72, 82]. She also alleges drowsiness secondary to her medications. [Tr. 100].

The administrative record offers objective evidence that plaintiff in fact suffers from the conditions alleged, even if the severity of those conditions remains an issue. For example, mild cervical bulging and narrowing has been noted [Tr. 227], as has diffuse tenderness [Tr. 119-20, 218-19, 230, 240, 242, 252].

---

[4] Plaintiff's additional documents [Tr. 266-82] are not discussed in her brief and are thus not an issue on appeal. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

3

III.

*Analysis*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g)*; Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

A claimant is entitled to disability insurance payments if she (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A).[5]  Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id*.

---

[5] A claimant is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. 42 U.S.C. § 1382. "Disability," for SSI purposes, is defined the same as under § 423. 42 U.S.C. § 1382c(a)(3).

5

A. <u>Remand</u>

In light of significant errors contained in the ALJ's opinion, the court finds itself unable to satisfactorily review the decision below. *See, e.g., McCoy v. Dir., Office of Worker's Comp., Dep't of Labor*, No. 88-3926, 1989 WL 128684, at *2 (6th Cir. Oct. 30, 1989) ("[T]he ALJ's imprecise finding is essentially unreviewable by this court since it is impossible to determine what evidence the ALJ credited and what evidence he rejected."). The court will discuss this issue only to the extent necessary to illustrate the obvious need for remand.

In addition to Dr. Lawhon's assessment of no more than mild psychological limitation (which predates the alleged onset date in the present case), the administrative record reveals the existence of at least six other sources of opinion evidence, one of which was for some reason not made a part of the record:

> 1. A second consultative psychological examination was performed on October 23, 2006. [Tr. 202]. There is, however, no evidence or report to be found in the administrative record pertaining to that evaluation.
>
> 2. Treating nurse practitioner Willie Hamilton opined in September and October 2006 that plaintiff is "unemployable" and "unable to work" due to "[s]evere disabling fibromyalgia." [Tr. 119-20].
>
> 3. Consulting examiner Dr. Samuel Breeding opined that plaintiff would require a sit/stand option in order to work. [Tr. 231].
>
> 4. Nonexamining state agency physician Nathaniel Robinson completed a Physical RFC Assessment in June 2005. Dr. Robinson limited plaintiff to light work, *see* 20 C.F.R. § 404.1567(b), subject to additional restrictions on manipulation and posture. [Tr. 159-62].

6

5. Nonexamining state agency physician John Fields completed a Physical RFC Assessment in April 2007. Dr. Fields' assessment placed plaintiff at the medium level of exertion, *see* 20 C.F.R. § 404.1567(c), with no further limitation. [Tr. 209-15].

6. Nonexamining state agency source Horace Edwards, Ph.D. completed a Mental RFC Assessment in April 2007, concluding that plaintiff suffers moderate limitations of concentration, persistence, and adaptation. [Tr. 204-05].

Unless a treating physician's opinion receives controlling weight, an administrative law judge "must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . . , as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources . . . ."). *See* 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii). The justification offered by the present ALJ for his acceptance and/or rejection of the somewhat conflicting opinion evidence cited above was, in full, as follows:

> The Administrative Law Judge notes the findings of the State Agency and Dr. Breeding and finds that their opinions are consistent with the finding that the claimant is not disabled and finds that their findings are not inconsistent with the Administrative Law Judge. The Administrative Law Judge concurs with the non-exertional limitations as opined by Dr. Lawhon in Exhibit 5F.

[Tr. 23]. This cursory and circular justification was wholly insufficient, and this matter must therefore be remanded to the Commissioner for further evaluation. Again, the "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers*, 577 F.2d at 387.

7

The ALJ mentioned "the findings of the State Agency," but did not clarify to *which* state agency source he was referring. It would appear that the ALJ adopted the conclusions of state agency reviewing physician Fields, as both Dr. Fields and the ALJ concluded that plaintiff can perform medium exertion without additional physical restriction. The ALJ's decision, however, offers no hint as to why Dr. Fields was deemed more credible than Dr. Robinson, nurse practitioner Hamilton, or even Dr. Breeding. Although the ALJ asserted that Dr. Breeding's opinion was "not inconsistent with the Administrative Law Judge," that contention is incorrect. Dr. Breeding opined that plaintiff would require a sit/stand option, but the ALJ neither adopted that limitation nor explained the rejection of it. It is further noted that the ALJ did not even *mention* nurse practitioner Hamilton's opinion, despite mistakenly referred to that source as a "doctor" eight times and a "primary care physician" twice. [Tr. 20-21].

The decision below is even less clear pertaining to plaintiff's mental capacity. It is wholly unexplained why the ALJ credited the assessment of Dr. Lawhon (which precedes the alleged disability onset date in this case) over the more recent opinion of state agency reviewer Edwards. Further, it is an absolute mystery why the administrative record contains no evidence from the consultative mental examination that took place in October 2006 (presumably at the Commissioner's direction).

"[A] fair trial in a fair tribunal is a basic requirement of due process. . . . [and] [t]his applies to administrative agencies which adjudicate as well as to courts." *Withrow v.*

8

*Larkin*, 421 U.S. 35, 46 (1975) (quotation and citation omitted). "[T]he ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Social Security claimants are entitled to "a careful evaluation of the medical findings . . . and an informed judgment . . .." *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996). As part of any "careful evaluation" and "informed judgment," an ALJ is required to set forth a valid basis for rejecting the opinions of treating, examining, and nonexamining sources. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii). The unexplained rejection of virtually all opinion evidence in the present case is not indicative of "a full and fair hearing" and falls far short of the Commissioner's duty to the present claimant.

Lastly, the court notes that the ALJ discounted plaintiff's credibility in part due to purportedly "very vague" testimony regarding her current sporadic part-time work. [Tr. 23]. Under most circumstances, this court is particularly hesitant to question an administrative law judge's observations pertaining to witness testimony, as "an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. However, the court is compelled in the present case to note that plaintiff's testimony on this subject [Tr. 286-87, 290, 295] does not appear vague in the least. Nonetheless, if this remains an issue to the Commissioner on remand, it is presumed that any questions will be easily clarified by contacting the human resources office of plaintiff's employer.

9

B. <u>Reversal</u>

To the extent that plaintiff asks this court to award benefits rather than remanding her case, the request will be denied. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*.

Multiple sources have opined that plaintiff is still able to work subject to enumerated restrictions. [Tr. 159-62, 164-67, 204-05, 209-15, 231]. In addition, while she purports to be disabled by fibromyalgia, Dr. Paul Provence wrote that plaintiff "[h]as not followed my advice on aquatic execise [sic] for her fibromyalgia." [Tr. 241]. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988). Lastly, it is again stressed that documentation of the October 2006 mental status examination is missing from the record. The court is therefore not satisfied that "all essential factual issues have been resolved [or that] the record adequately establishes [] plaintiff's entitlement to benefits." *Faucher,* 17 F.3d at 176. Accordingly, benefits cannot be awarded by this reviewing court at this time. *See id*.

## IV.

*Conclusion*

Because plaintiff's administrative proceedings appear to have been "so superficial as to deny [her] due process," *Lashley*, 708 F.2d at 1051, the final decision of the Commissioner will be reversed and remanded for a rehearing and reevaluation consistent with the principles discussed in this opinion. The rehearing - and any other future evaluation involving this claimant - must be conducted before a different ALJ. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge